UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TERRY SMITH, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-284-HAB-SLC |
| THE JOURNAL GAZETTE, et al., | |
| Defendants. | |

OPINION AND ORDER

Terry Smith, Jr., a prisoner proceeding without a lawyer, filed a civil rights complaint. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Smith is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Smith's claims stem from a criminal case in Allen County. Public records reflect that he was charged with murder and aggravated battery in May 2021.[1] *See State v. Smith,* 02D06-2105-MR-0008 (Allen Sup. Ct. filed May 19, 2021). On April 25, 2023, he pled guilty to the aggravated battery charge and is scheduled to be sentenced in November 2023. *Id.*

He now sues *The Journal Gazette*, one of its staff writers, two editors, and the newspaper's publisher. His allegations are somewhat confusing, but he appears to claim they denied him the opportunity for a fair trial by publishing details about the offense in the newspaper. He believes the news coverage "contaminated the integrity" of his case and caused a witness who was going to "clear [his] name" to commit suicide. He complains that his public defender and the prosecutor were aware of the coverage but did not "do anything" about it. He further claims the public defender and prosecutor ignored an "innocence letter" he gave them declaring that he did not commit the crime. He claims he is not guilty of any offense, was unfairly pressured to plead guilty, and has been denied a "fair legal process" in violation of the Sixth Amendment. He seeks monetary damages and for the court to order the state "to drop the case," among other relief.

Mr. Smith's claims cannot proceed. The newspaper and its employees are private parties, not state actors who can be sued for constitutional violations. *See L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017). Assuming he could name a state

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

2

actor in connection with these events, he cannot use a federal civil rights suit to have his state criminal case dismissed or his guilty plea overturned.² Instead, the sole means of challenging the state criminal case in federal court is through the habeas corpus statute. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973); *see also Morgan v. Schott*, 914 F.3d 1115, 1119 (7th Cir. 2019) ("[W]hen a prisoner challenges the fact or duration of his confinement, he fails to state a cognizable § 1983 claim.") (citation and internal quotation marks omitted).

Additionally, he cannot pursue a claim for damages based on an allegation that he is not guilty of battery or that his guilty plea was involuntary, because such a claim rests on a presumption that his conviction is invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). These claims cannot be brought unless and until his conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. It is evident from both the complaint and public records that has not occurred.

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts

---

² He mentions the prosecutor and public defender in the narrative section but does not name them as defendants. Even if he did name them as defendants, his public defender is not a state actor who can be sued for constitutional violations. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Likewise, the prosecutor is entitled to absolute immunity for his actions taken in the criminal case. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976).

have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id*. (citation omitted).

As stated, Mr. Smith cannot sue private individuals for constitutional violations. Even if he could name a viable defendant, his claims run afoul of *Heck*. The court considers that "[t]he favorable-termination rule [in *Heck*] is more than a procedural hurdle that plaintiffs can skirt with artful complaint drafting . . . . Rather, it is grounded in substantive concerns about allowing conflicting judgments." *Morgan*, 914 F.3d at 1122. The court finds no basis to conclude that if given another opportunity, Mr. Smith could assert a viable claim stemming from the criminal case that survives *Heck*, consistent with the allegations he has already made under penalty of perjury. It would therefore be futile to permit him to amend.

For these reasons, the court DISMISSES this case under 28 U.S.C. § 1915A, and DIRECTS the clerk to close the case.

SO ORDERED on September 12, 2023.

                                                       s/ Holly A. Brady
                                                       CHIEF JUDGE HOLLY A. BRADY
                                                       UNITED STATES DISTRICT COURT